WARD, Judge,
concurring.
Although I concur with the result reached by the majority, I disagree with the finding that the Assistant District Attorney’s questioning of the investigating police officers did not elicit hearsay testimony. The officers’ testimony that they arrested Gaines as a result of eyewitnesses’ responses to their investigating questioning leads to the unescapable inference that the eyewitnesses identified Gaines as the perpetrator. Although the police officers’ testimony is hearsay by inference, it is hearsay nonetheless — evidence of out-of-court statements offered for their truth *1242 and resting upon the credibility of the out-of-court eyewitnesses to the shooting.
The Trial Judge’s ruling was, however, harmless error because the same eyewitnesses testified during trial and identified the perpetrator as the defendant whom they intimately knew as a long time acquaintance. Moreover, the issue was never one of identification; if it had been, I would have a different view as to whether the error was harmless. To the contrary, in his defense Gaines did not deny that he shot the victim but rather he claimed that the shooting was in self-defense. Hence, the inferential hearsay naming Gaines as the perpetrator did not prejudice his defense, and admission of that evidence was harmless.